FILED
CLERK, U.S. DISTRICT COURT

APR 2 9 2014

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN CENTURY INVESTMENT GROUP, INC., | Case No. CV 14-02669 SS |
| Plaintiff, | **ORDER SUMMARILY REMANDING** |
| v. | **IMPROPERLY-REMOVED ACTION** |
| JOSE S. URIBE, | |
| Defendant. | |

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On April 8, 2014, Defendant Jose S. Uribe ("Defendant"), having been sued in a routine unlawful detainer action in California state court, lodged a Notice of Removal to this Court. Defendant, who is represented by counsel, argues that removal is proper on two grounds: (1) the "amount in controversy requirement is satisfied" because Plaintiff is demanding possession of a piece of property worth in excess of $75,000, and (2) a "federal

1 │ question exists" because California's unlawful detainer statute

2 │ violates the Equal Protection Clause of the United States

3 │ Constitution.  (Dkt. No. 1 at 2).

4

5 │     On April 10, 2014, this Court issued an Order To Show Cause

6 │ Why This Action Should Not Be Dismissed For Lack Of Jurisdiction

7 │ And Summarily Remanded To State Court ("OSC").  (Dkt. No. 6).

8 │ The Court explained that diversity jurisdiction did not exist,

9 │ regardless of the amount in controversy, because there is no

10 │ demonstration of diversity of citizenship between Plaintiff, a

11 │ California corporation (see Dkt. No. 1 at 3), and Defendant.[1]

12 │ (Dkt. No. 6 at 1; Dkt. No. 1 at 5).  The Court also explained

13 │ that the Court lacks federal question jurisdiction here because

14 │ if any federal question exists, it exists only as an affirmative

15 │ defense to Plaintiff's purely state law unlawful detainer action.

16 │ (Id. at 2) (citing Merrell Dow Pharmaceuticals, Inc. v. Thompson,

17 │ 478 U.S. 804, 808 (1986) ("[a] defense that raises a federal

18 │ question is inadequate to confer federal jurisdiction.")).  In

19 │ sum, the Court alerted Defendant and his counsel to the fact

20 │ that, on its face, this action could not have been brought in

21 │ federal court originally and it therefore cannot be removed to

22 │ this Court.

23

24 │     On April 13, 2014, Defendant, through his attorney, filed a

25 │ Response to the OSC ("Response") setting forth the alleged

26 │ _____

27 │ [1]   Defendant is a California resident currently occupying the property in Arcadia, CA that Plaintiff purchased at a foreclosure sale and is the subject of Plaintiff's unlawful detainer cause of action.

28 │ (Dkt. No. 9 at 4).

1   grounds for federal jurisdiction.   (Dkt. No. 7).   However, the

2   Response lacks any coherent explanation of why this Court has

3   subject matter jurisdiction over Plaintiff's purely state law

4   unlawful detainer action.   Without citation to any relevant case

5   law, Defendant argues that removal to this Court is proper

6   because: (1) Plaintiff's claim arises under the Fair Debt

7   Collection Practices Act, 15 U.S.C. § 1692; (2) the Fair Debt

8   Collection Practices Act completely preempts Plaintiff's state

9   law claims; (3) the Court has supplemental jurisdiction over this

10  case based on Defendant's state law action against Plaintiff for

11  violations of California's Homeowner Bill of Rights; and (4)

12  California's unlawful detainer statute, Cal. Civ. P. Code §

13  1161a, violates the Equal Protection Clause of the federal

14  Constitution.   (See Dkt. No. 7 at 2-5).   All of these alleged

15  grounds lack merit, as the underlying complaint does not arise

16  under the Fair Debt Collection Act nor can the Fair Debt

17  Collection Act "preempt" the state court unlawful detainer

18  action.   To the extent the Fair Debt Collection Act or the Equal

19  Protection clause are relevant to this action, their only

20  possible relevance is as affirmative defenses which cannot

21  provide grounds for removal.   In addition, whether or not this

22  Court could have supplemental jurisdiction over any state law

23  claim is irrelevant, as there is no legitimate ground for

24  removal.

25  \\

26  \\

27  \\

28

1    Accordingly, IT IS ORDERED that (1) this matter be REMANDED

2  to the Superior Court of California, County of Los Angeles, 300

3  East Walnut Street, Pasadena, California 91101, for lack of

4  subject matter jurisdiction pursuant to 28 U.S.C. § 1447; (2) the

5  Clerk of the Court send a certified copy of this Order to the

6  state court; and (3) the Clerk of the Court serve copies of this

7  Order on the parties.

8

9  DATED: April 2⁄, 2014

10                                          _____
                                           GEORGE H. KING
11                                          CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4